COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-263-CR
                              
                             2-04-264-CR
         
                                  
                2-04-265-CR
 
 
JEFFERY 
LEE STODDARD                                                       APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
May 17, 2004, appellant Jeffery Lee Stoddard pleaded guilty to two charges of 
aggravated sexual assault of a child under fourteen years of age, and one charge 
of possession of child pornography. Pursuant to a plea bargain agreement, 
appellant was sentenced to twenty years’ confinement for each of the 
aggravated sexual assault offenses and ten years’ confinement for possession 
of child pornography. All the sentences were to be served concurrently. On that 
same day, the trial court entered its certification regarding appellant’s 
right to appeal in each case in accordance with rule 25.2(a)(2). Tex. R. App. P. 25.2(a)(2). Each 
certification states that this “is a plea-bargain case, and the defendant has 
NO right of appeal.”
        On 
June 14, 2004, appellant filed a notice of appeal in each case. On June 21, 
2004, we notified appellant’s counsel that the certifications indicating his 
client had no right to appeal had been filed in this court and that these three 
appeals would be dismissed unless appellant or any party desiring to continue 
the appeals filed a response showing grounds for continuing the appeals. See 
Tex. R. App. P. 25.2(d), 44.3. We 
have received no response to our notifications.
        Rule 
25.2(a)(2) limits the right to appeal in a plea bargain case to those matters 
that were raised by written motion filed and ruled on before trial or to those 
cases where the appellant obtained the trial court’s permission to appeal. See 
Tex. R. App. P. 25.2(a)(2)(A), 
(B). According to the trial court’s certifications, neither of these 
circumstances apply because the certifications state that there is no right to 
appeal.`
        Because 
appellant had no right to appeal, we dismiss these appeals. See Tex. R. App. P. 25.2(d), 43.2(f).
   
                                                          PER 
CURIAM
 
  
PANEL 
D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 24, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.